**Donna STANCELL, Appellant,**

v.

**John R. SPICER, et al., Appellee.**

No. 87–680.

District of Columbia Court of Appeals.

Argued Feb. 15, 1989.

Decided Feb. 22, 1989.*

John E. Scheuermann, Washington, D.C., for appellant.

Charles H. Fleischer, with whom Elizabeth Gallagher, Washington, D.C., was on the brief, for appellee.

Before MACK, NEWMAN and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

Plaintiff Donna Stancell appeals from an order granting defendant Columbia Real Estate Title Insurance Company (Columbia) summary judgment dismissing her claim that Columbia was in breach of an alleged oral contract of title insurance. We affirm.

Ms. Stancell signed a contract to purchase a home in southeast Washington, D.C. from Jack Spicer Real Estate, Inc. (Spicer). United Title and Escrow Co., Inc. (United), then a corporation engaged in the real estate settlement business, was the settlement agent designated by the seller to conduct the closing.

The home which Ms. Stancell proposed to buy was encumbered by a promissory note secured by a first deed of trust held by Fleet Real Estate Funding Corporation (Fleet). Under the terms of the contract of sale, Ms. Stancell was to assume the obligations under the first trust. The contemplated purchase did not, however, materialize.

George F. Thacker, then the president of United, developed a problem with controlled substances which eventually led him, as it has led many others so afflicted, to the penitentiary. As a result of his misadventures, Thacker failed to record the deed or to make the arrangements for the transfer of title and generally neglected his responsibilities in the transaction. When Ms. Stancell did not receive appropriate documentation of her title, she made a number of inquiries, but was put off by Thacker and others.

As a result of delinquencies on the part of the obligor of the first trust, Fleet foreclosed on the property, thereby extinguishing Ms. Stancell's interest. Ms. Stancell then brought suit against a number of the parties to the unfortunate transaction, including Columbia. Ms. Stancell acknowledged that she had never heard of Columbia at the time that she entered into the contract.

Columbia's role in the controversy had its inception in the fact that United was one of its title insurance agents pursuant to a written agency agreement. The agency agreement appointed United to receive applications for insurance and to countersign insuring forms. Nothing in the agency agreement authorized United to conduct real estate settlements on behalf of Colum-

---

* The disposition in this case was originally issued as a Memorandum Opinion and Judgment on February 22, 1989, and is being published upon the court's grant of appellee's motion to publish.

bia, nor was such activity contemplated by the parties.

The purchase contract between Spicer and Ms. Stancell designated United to obtain title information with respect to the property which Ms. Stancell was seeking to purchase. United had been so designated at Spicer's suggestion, for Thacker had a previous business relationship with Spicer. United engaged Columbia to, and Columbia did, furnish information to United with respect to title to the property. United then issued a written title report on the property based on information furnished to United by Columbia. The Fleet first trust was disclosed in the report.

In connection with the aborted settlement, United charged Ms. Stancell $145.00 for insurance. United's Settlement Sheet contains a line entry as follows:

Title Insurance & Interim Binder (Owners–Mortgagees)     $145.00

Based on this entry and her claim that "she intended the $145.00 to cover the title insurance premium which she assumed was forthcoming by virtue of the title report," Ms. Stancell claims that she had an oral contract of title insurance with Columbia which insured her from the loss of her interest in the property.

It is undisputed that Columbia never issued either a policy or a binder to Ms. Stancell, and we question whether she has fairly raised a triable issue of material fact with respect to the existence of an oral title insurance policy. Indeed, Ms. Stancell never had any title to insure, and a trier of fact would have to be quite creative to fill in the terms of the purported policy. We need not decide this question, however, because even if her burden is viewed as very light indeed in the context of opposing a motion for summary judgment, Ms. Stancell has not explained how the existence of a title insurance policy could have remedied the loss of which she complains. Columbia's title report disclosed the existence of Fleet's first trust, and Ms. Stancell was concededly aware of it. The foreclosure was brought about by the obligor's failure to make monthly payments on the first trust, and we are unable to discern how a title insurance policy, whatever its terms, could have covered such a loss. *See Lawyers Title Insurance Corp. v. Edmar Const. Co.*, 294 A.2d 865, 868 (D.C.1972).

In her statement of facts as to which there were alleged to be genuine issues in dispute, filed in the trial court in opposition to Columbia's motion, Ms. Stancell claimed that "Columbia vested United with both express and apparent authority to conduct real estate settlements on behalf of Columbia." If there were indeed a genuine issue of fact with respect to the existence of such expansive authority, summary judgment would be inappropriate. The only citation in the record offered by Ms. Stancell in support of the existence of this purported factual issue is a passage from Thacker's deposition in which he testified that

I did the same functions with each company insofar as ordering titles, making the closings, doing the recordings through them, and then issuing the title policies.

When the quoted passage is read in context, Thacker's reference was obviously to his participation in United's *title insurance* activities, and was not intended to suggest that United's responsibilities as settlement agent were carried out on behalf of Columbia or other title insurers. The conception that such a broad-based agency relationship existed is inconsistent with the explicit terms of the agency agreement between Columbia and United, and counsel for Ms. Stancell disclaimed it at oral argument.

There can be no genuine issue of material fact within the meaning of Super.Ct.Civ. R. 56(c) where there has been a complete failure of proof concerning an essential element of the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Ms. Stancell's claim that her loss resulted from a breach of an alleged insurance contract lacks any showing of nexus between the lack of a policy and her loss. Similarly, there is no evidence that United was Columbia's agent when it carried out (or here, failed to carry out) its responsibilities as

settlement agent. Accordingly, the judgment appealed from is hereby

*Affirmed.*